

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-20-00087-CV

RONALD WINEGARDNER, APPELLANT

V.

CATHOLIC CHARITIES, APPELLEE

On Appeal from the County Court at Law No. 1
Potter County, Texas
Trial Court No. 109,395-1-CV, Honorable Walton Weaver, Presiding

October 26, 2020

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Appellant, Ronald Winegardner, appearing pro se, appeals from the trial court's judgment in favor of Appellee, Catholic Charities.  We dismiss the appeal for want of prosecution.

Winegardner's brief was originally due May 6, 2020, but we granted him two extensions to file a brief.  On September 8, 2020, Winegardner filed a document titled "Appellants' Opening Brief."  The document, however, failed to comply with any of the briefing requirements of Rule of Appellate Procedure 38.1, and presented no issues for appellate review.  By letter of September 11, 2020, we notified Winegardner that the brief

did not satisfy the briefing requirements and directed him to file a compliant brief by October 12 or the appeal would be dismissed for want of prosecution.

On October 14, 2020, Winegardner filed "Appellants' Response to Court Clerk's Letter of 9/11/2020 and Objection to Clerk's Threatened Dismissal of Appeal." The document still failed to comply with the briefing requirements of Rule 38.1 and did not present any issues for our review.

Appellate briefs are meant to acquaint an appellate court with the issues in the case and to present argument that will enable the court to decide the case. TEX. R. APP. P. 38.9. Thus, briefs must substantially comply with the briefing requirements of the appellate rules. *Id.* If the court determines that the briefing requirements have been flagrantly violated, it may require a brief to be amended, supplemented, or redrawn. *Id.* If another brief that does not comply with the briefing requirements is filed, the court may strike the brief and proceed as if the party had failed to file a brief. *Id.*

"Appellants' Opening Brief" flagrantly violated the briefing requirements of Rule of Appellate Procedure 38.1. Winegardner was, therefore, ordered to redraw the brief. Winegardner's second attempt likewise did not comport with the briefing requirements. For this reason, we strike the purported brief and proceed as if Winegardner failed to file a brief. *See* TEX. R. APP. P. 38.9(a).

Because Winegardner failed to timely file a brief and has not reasonably explained this failure, we dismiss the appeal for want of prosecution. *See* TEX. R. APP. P. 38.8(a)(1), 42.3(c).

Per Curiam